HILL, Circuit Judge,
dissenting:
We are reviewing one case — the civil case for forfeiture. Nine months after it was filed, the government brought criminal charges.
Asserting that civil discovery would adversely affect the government’s position in the criminal case, the government moved for and was granted a stay of the civil case. Discovery was frozen.
The lawyers retained to represent clients in the civil forfeiture case found themselves faced with a criminal case that could be disastrous to their clients’ interests. Would it be work “useful” to their clients and work “of a type ordinarily necessary” to competently represent them? Of course, it was not only useful. It was necessary. See Webb v. Board of Educ. of Dyer County, Tenn., 471 U.S. 234, 243, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985).
*1327 Affidavits of experienced counsel stated under oath that “... it would be impossible to defend this civil forfeiture action without defending and obtaining an acquittal in the. underlying criminal action.” There is no dispute. Counsel representing the appellees in this civil action would have been inadequate to the point of malpractice to have ignored the new criminal case.
Were counsel to monitor another case on trial in court in another jurisdiction, noting the quality of evidence and impact of witnesses, that would be “useful.” It would be work “of a type ordinarily necessary” to competent representation.
Fees incurred in that useful and necessary work were properly awarded. It was there that the forfeiture action was defeated.
I would affirm.